# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES L. CRANMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13-cv-00693-NKL |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff James L. Cranmer appeals the Commissioner of Social Security's final decision denying his application for disability insurance benefits, 42 U.S.C. §§ 401, *et seq*. The Commissioner's decision is REVERSED and the case REMANDED.

### I.    Background

Cranmer alleges he became disabled on November 23, 2009. He abused alcohol prior to November 23, 2009 and until April 30, 2010 [Tr. 400], and has been sober since May 1, 2010.

The ALJ held a hearing in October 2011, and found Cranmer had severe impairments of alcohol abuse from November 23, 2009 through April 30, 2010, depression, and mild cognitive disorder; had non-severe impairments of hypertension, very mild neuropathy in both feet, and possible history of transient ischemic attack (TIA); and that Cranmer's alleged hand and shoulder problems were not determinable. [Tr. 18.]

In view of Cranmer's history of alcohol abuse, the ALJ made multiple findings at Step 3:

- From 11/23/09-4/30/10, Cranmer met or equaled listings 12.02, 12.04, and 12.09. [Tr. 18.] He had marked restriction of activities of daily living, marked difficulties maintaining social functioning, and moderate difficulties maintaining concentration, persistence, or pace. [Tr. 19.]

- From 11/23/09-4/30/10, if Cranmer had stopped the use of alcohol, he would not have met a listing and he would have had no restriction of activities of daily living, and would have had moderate difficulties maintaining social functioning, and moderate difficulties maintaining concentration, persistence, or pace. [Tr. 20, 23.]

- From 5/1/10 through the date of the decision, Cranmer did not meet or equal a listed impairment. [Tr. 20, 23.] He had no restriction of activities of daily living, and had moderate difficulties maintaining social functioning, and moderate difficulties maintaining concentration, persistence, or pace. [Tr. 20, 23.]

At Step 4, the ALJ found that without alcohol abuse from November 23, 2009 to April 30, 2010, and from May 1, 2010 through the date of the decision, Cranmer could perform his past relevant work as an injection mold operator. [Tr. 22.]

At Step 5, the ALJ made the alternative finding that Cranmer could perform other jobs consistent with his RFC, including housekeeper, inserting machine operator, and folding machine operator. [Tr. 22-23.]

**II.    Discussion**

The Commissioner assesses disability using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520 and 416.920. At Steps 1 and 2, the ALJ must ensure the claimant is not engaged in substantial gainful activity, and has a medically determinable impairment that is "severe" within the meaning of the Social Security Act. *Id.* At Step 3, the claimant will be found disabled if he has an impairment that meets or equals any impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* If not found disabled at Step 3, the claimant must show at Step 4 that he is not able to return to his past relevant work. *See, e.g., Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). If the claimant makes such a showing, at Step 5 the burden of production shifts to the Commissioner to show that the claimant can perform jobs existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520 and 416.920.

A claimant cannot be found disabled if alcoholism or drug addiction would be a "contributing factor material to the Commissioner's determination" of disability. *See* 42 U.S.C. § 423(d)(2)(C); 20 C.F.R. §§ 404.1535 and 416.935. A two-step process assesses materiality. The ALJ first performs the sequential evaluation process to determine whether, including the effects of substance abuse, the claimant is disabled. If so, the ALJ performs the sequential evaluation a second time, excluding the effects of substance abuse. *See, generally, Kluesner v. Astrue,* 607 F.3d 533, 537 (8th Cir. 2010). If the claimant would not be disabled excluding substance abuse, he does not receive benefits. *Id*.

The Commissioner's findings are reversed "only if they are not supported by substantial evidence or result from an error of law." *Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012).

**A. Failure to discuss state agency's decision**

The ALJ made an error of law, requiring reversal and remand.

The Missouri Department of Social Services held a hearing on Cranmer's application for state disability benefits on June 21, 2011 and issued a decision on June 30, 2011, finding Cranmer had "severe" impairments during the relevant time period, could not perform his past work or any other work, and was disabled. [Tr. 240-242.] The ALJ held the hearing below on October 12, 2011, and the decision, issued on November 21, 2011, does not reflect that the ALJ considered the state agency's decision, or was even aware of the state agency proceeding.

But an ALJ must consider, and explain the consideration he or she gives to, another governmental agency's finding of disability. Social Security Ruling (SSR) 06-03p, 2006 WL 2263437 * 45596-45597 (Aug. 9, 2006).[1] Specifically, SSR 06-03p provides that an ALJ must:

> evaluate all the evidence in the case record that may have a bearing
> on [the Commissioner's] determination or decision of disability,
> including decisions by other governmental and nongovernmental

---

[1] An ALJ is bound by Social Security Rulings. 20 C.F.R. § 402.35(b)(1) (2010); *Grebenick v. Chater*, 121 F.3d 1193, 1200 (8th Cir. 1997).

3

> agencies (20 C.F.R. 404.1512(b)(5) and 416.912(b)(5)). <u>Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.</u>
>
> <u>These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules.</u> We will evaluate the opinion evidence from medical sources, as well as "non-medical sources" who have had contact with the individual in their professional capacity, used by other agencies, that are in our case record, in accordance with 20 CFR 404.1527, 416.927, Social Security Rulings 96-2p and 96-5p, and the applicable factors listed above in the section "Factors for Weighing Opinion Evidence."
>
> Because the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner, [the Commissioner is] not bound by disability decisions by other governmental and nongovernmental agencies. In addition, because other agencies may apply different rules and standards than [the Commissioner does] for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. However, <u>the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases</u> and in the case record for initial and reconsideration cases.

(Emphasis added.)

The ALJ's decision is silent as to the state agency's finding. The Commissioner argues this is harmless error because the ALJ would have made the same decision regardless of the state agency's finding. Such reasoning, however, would apply to every case where an ALJ ignored the regulatory directive to explain the consideration given to the state agency findings. Use of the harmless error exception would effectively swallow the rule. Because the requirements of the SSR are explicit and were not observed, the case must be remanded so the ALJ can explain the consideration given to the state agency decision.

### B. Third-party statements

Cranmer also argues that the decision must be reversed because the ALJ erred in failing to explicitly address third-parties' written statements. [Doc. 6, pp. 17-18.] The Court disagrees, but briefly addresses the argument to streamline the proceedings on remand.

One of the third parties was a Social Security employee who spoke to Cranmer over the phone, and thought Cranmer took a long time to answer questions. [Tr. 181.] The other two were Cranmer's sister and father, who described their perceptions of his limitations based on his day-to-day activities. [Tr. 219-221 and 223-26.]

Third-party statements should be considered by an ALJ with respect to the consistency of an applicant's claims, because they bear on the applicant's credibility. *See, e.g.,* SSR 96-7p, 1996 WL 374186 *6 (July 2, 1996). But neither SSR 96-7p nor any other SSR that Cranmer cites requires such statements to be explicitly acknowledged or addressed in the ALJ's decision.

Further, an ALJ is not required to articulate a separate rationale for a lay person's statement when it is discounted on the same basis that a claimant's testimony is discounted. *See Buckner v. Astrue*, 646 F.3d 549, 559-60 (8th Cir. 2011). Here, the ALJ found Cranmer's descriptions of his limitations were not credible. On the current record, there is substantial evidence to support that conclusion. The medical evidence includes the opinion of a neuropsychologist who evaluated Cranmer, Dr. Samuel Preylo, whose detailed examination showed no evidence of Cranmer's claimed level of mental confusion. [Tr. 27, 401-05.] Cranmer carries a cane and testified he needed to use it to maintain balance. [Tr. 43.] But no doctor ordered him to use one [Tr. 26, 43]; Dr. Preylo and a consulting psychiatrist, Dr. Nintin Sharma, observed him walking stably without support [Tr. 403, 424]; and a consulting occupational medicine physician who examined him could not determine that he needed his cane [Tr. 376]. In

addition, Cranmer claimed to have shoulder problems, but there was no medical evidence of abnormalities in either shoulder. [Tr. 27, 447, 481.]

Finally, two doctors who examined Cranmer suspected him of malingering or confabulation, which the ALJ appropriately considered in determining Cranmer's credibility. *See Davidson v. Astrue*, 578 F.3d 838, 844-45 (8th Cir. 2009) (ALJ may find malingering reduces credibility). For example, Cranmer's answers to a psychological test Dr. Preylo administered so over-reported or exaggerated symptoms that the test's validity scales indicated the results were meaningless. [Tr. 403-405.] Nor did Dr. Preylo conclude that Cranmer in fact exhibited the severe symptoms Cranmer described in his answers. [*Id*.] Dr. Sharma noted that Cranmer "confabulates and create[s] stories," and confirmed by contacting another of Cranmer's physicians that Cranmer had reported incorrect information to Dr. Sharma. [Tr. 423.]

The third-party statements in support of Cranmer's claim could properly be discounted, in view of substantial evidence in the record supporting the ALJ's finding that Cranmer was not credible. Therefore, the ALJ did not err in failing to explicitly mention the third-party statements.

### C. Cranmer's remaining arguments

The rest of Cranmer's arguments may be affected by the ALJ's consideration and discussion of the other state agency's decision. Accordingly, the Court will not address them at this time.

## III. Conclusion

The Commissioner's decision is REVERSED and the case REMANDED for further proceedings.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: June 23, 2014
Jefferson City, Missouri